Myrick *vs.* Vineburgh.

---

## MYRICK *vs.* VINEBURGH.

1. The evil which our statutes against manumission were intended to prevent is not a reduction of the number of slaves, but an increase of the free negroes within the State—hence, an instrument providing for manumission outside of the State is not within the statutes.
2. The Supreme Court being a Court of review only, will not hear, in support of a plea, evidence which was not before the Court below.

Motion to set aside and revoke Probate of Will, and Caveat thereto, in Monroe Superior Court. Decision by Judge CABANISS, at February Term, 1859.

At the instance of Septimius Myrick, an heir at law of Nathaniel T. Myrick, deceased, a rule *nisi* issued from the Court of Ordinary of Monroe county, calling upon Isaac Vineburgh and Benj. F. Ward, the executors of the last will and testament of said Nathaniel T., to show cause why their letters testamentary should not be revoked, the probate of

said will set aside, and said last will and testament declared void, upon the following grounds, viz :

1st. Because said will is illegal and void, being an attempt to manumit and set free certain slaves therein named, contrary to the statutes of the State of Georgia in such cases made and provided.

2d. Because so much of said will as attempts to give certain slaves, therein named, the property of deceased is illegal and void.

3d. Because the bequests to Isaac Vineburgh and Benj. F. Ward are void, being contrary to law.

At the December Term, 1858, of the said Court of Ordinary, the said executors appeared, and in answer to the said rule say—

1st. That said will was duly executed by said Nathaniel T. Myrick, deceased, in his lifetime, and does not contravene any law of this State in any of its provisions, and that the same is a good and valid disposition of the estate of deceased.

2d. And said executors further say, that they have heretofore, and before the granting of said rule *nisi*, at the instance of said Septimius Myrick, and all the other heirs at law, and next of kin of said Nathaniel T. Myrick, deceased, to-wit: At the December Term, 1856, of said Court of Ordinary, and at the August Term, 1857, of the Superior Court of said county, said cause being on the appeal from the Court of Ordinary in said Superior Court, duly proved said last will and testament in solemn form of law, and upon the evidence then and there submitted on said appeal, the jury empannelled to try said cause, found said paper propounded to be the last will and testament of said Nathaniel T. Myrick, which finding was afterwards, upon a bill of exceptions, affirmed by the Supreme Court of the State of Georgia, and in which all the grounds taken by movant in this rule, were taken and considered, and decided against the heirs at law. Of which proceedings, trials and judgments, the said Septimius had notice, and was a party to the same. And therefore said respondents plead said former proceedings and judgments in bar to this proceeding, and in bar of any further showing on their part, and ask the judgment of the Court whether they shall be required again to prove in solemn form said last will and testament of said Nathaniel T. Myrick, deceased.

Myrick *vs.* Vineburgh.

The Court, after argument, overruled each and all the grounds taken in said rule, and dismissed the same.

To which decision counsel for Septimius Myrick excepted, and assigned the same as error.

BLANFORD & CRAWFORD, for plaintiff in error.

PRICHARD, represented by TRIPPE & PEEPLES, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. This will directs certain negroes of the testator to be removed to some free State, *and there* manumitted; and that certain property shall be *there* bought for them. This does not violate the policy of our statutes against manumission, as that policy has been more than once expounded by this Court. The evil at which those statutes strike, is manumission *within this State;* the design was not to prevent the reduction of slaves, but to prevent an increase of free negroes in the State. If the testator takes care, first to get his negroes out of our way, he may do what he pleases with them after that. If the will gives the slave his freedom to be enjoyed but for one hour within the limits of Georgia, it is void; but if, with an honest intent to put him out of our way and keep him there, *it carries him over the State line as a slave,* it may make what it pleases of him afterwards. We think the Court was right in sustaining this will.

2. It may not be amiss to remark, that the defendants here who are the propounders of the will, cannot avail themselves of the former judgment, *now,* for the reason that they did not produce it in the Court below. They pleaded it in the Court below, but the bill of exceptions does not inform us that they produced it in evidence. That plea was a naked one, unsupported by evidence, and the evidence cannot now be heard in this Court. This Court is one of *review.*

Judgment affirmed.