## MARIETTA CHAIR COMPANY *v.* HENDERSON.

1. The order excepted to was not erroneous upon the ground that there was not sufficient evidence to support it.

2. This court will not reverse the judgment of a trial judge upon evidence submitted to it as to matters which have transpired since such judgment was rendered.

3. Nor will it consider evidence of such matters for the purpose of directing such judge what he should do in finally disposing of the case.

Argued November 3, — Decided November 17, 1903.

Rule for contempt.　Before Judge Gober.　Cobb superior court. June 6, 1903.

*N. A. Morris,* for plaintiff in error.　*J. Z. Foster,* contra.

FISH, P. J.　Upon a petition brought by C. E. Henderson against The Marietta Chair Company, to enjoin the defendant from obstructing one of the streets of the City of Marietta and from maintaining certain obstructions in such street, a consent verdict was rendered that the defendant be enjoined in accordance with the prayers of the petition.　Upon the verdict a decree was entered, perpetually enjoining the defendant from obstructing the street in various specified ways, and "from the continuance of the obstructions, and each of them, to said street, as complained of in said

original petition." There was no exception taken to the decree. Subsequently Henderson presented his petition to the court, alleging the defendant had failed to comply with the decree and had violated the same by continuing to obstruct the street in the same manner, except in two particulars, as before the decree was rendered, and praying that the court grant such order as was necessary against the defendant for the enforcement of the decree. The defendant answered, and upon the hearing the court passed the following order : " After hearing evidence and after argument had, and it appearing that the defendant has failed to comply with the decree referred to in said case by failing to remove all the obstructions required in said decree : It is therefore ordered that defendant move said obstructions as required by said decree, in so far as it has failed to do, within 20 days from this date; and in default thereof, let defendant show cause why it should not be attached for contempt." To the granting of this order the defendant excepted. The assignments of error are as follows: " To which order defendant excepted and now assigns the same as error. Defendant says that it was error to pass said order, for the reason that the evidence shows that all obstructions required under the original decree were removed. Defendant further says that said order was error, for the reason that the evidence showed that the defendant had kept the street free from obstructions, and that nothing was in the street at the time of filing of the petition or since the date of said decree."

1.   We find from the record that the evidence was decidedly conflicting as to some of the alleged obstructions. It appears that two of the obstructions complained of in the original petition upon which the decree was rendered were a steam-trap and a water-tank. The decree specifically stated : " The defendant is perpetually enjoined from obstructing said street by . . steam-traps or water-tank, as complained of, . . and from the continuance of said obstructions and each of them to said street." The defendant in its answer to the petition upon which the order excepted to was granted, and by the evidence which it submitted upon the hearing, admitted that the steam-trap and the water-tank were still situated just where they were when the decree was rendered, the steam-trap extending into the street about twelve inches and the water-tank projecting from the main wall of the defendant's

building over the street and being partly supported by two posts standing in the street about four feet from the defendant's line. It is, therefore, apparent that the exceptions to the order are not well taken. For, irrespective of the evidence offered for the complainant, both the answer of the defendant and the evidence submitted in its behalf showed that two of the obstructions in the street, which the decree perpetually enjoined the defendant from continuing, had not been removed, but occupied the same positions when the order now excepted to was passed that they did when the original decree was rendered. So, without regard to the conflict of evidence as to other matters, for the above reason alone, the exceptions under consideration can not be sustained.

2. Counsel for plaintiff in error, in a supplemental brief, has called this court's attention to an act of the General Assembly of the State, passed on August 10, 1903 (Acts 1903, p. 705), "to authorize the Mayor and Council of the City of Marietta to close up and deed to the adjoining landowners" that portion of the street involved in this case in reference to which this controversy arose; and a resolution subsequently passed by the Mayor and Council of Marietta for the purpose of conveying such portion of the street to the adjoining landowners, in accordance with the act of the legislature, and authorizing the mayor to execute the necessary deeds of conveyance; and also a quitclaim deed from the mayor and city council, executed by the mayor, to the plaintiff in error to the one half of the portion of the street which adjoined its property. The brief contains an affidavit offered for the purpose of proving the passage of the resolution by the mayor and city council and the execution of the deed by the mayor. Upon this showing, "in view of the additional facts, plaintiff in error respectfully asks the court to make such decision as will protect it, and give such direction as will end and do away with any contempt proceeding that might grow out of the case." As the facts which the plaintiff in error thus seeks to present to this court are outside of the record and were not before the judge below when the order complained of was granted, we can not consider them in passing upon the question made by the bill of exceptions. In determining whether or not the trial judge erred in granting this order, we can only consider such things as were before him at the time his judgment was rendered. Matters which have occurred since

then can not be used for the purpose of showing that his decision upon the facts before him was erroneous, or that the discretion which he exercised upon such facts was abused.    These are matters which may be properly brought to the attention of the trial judge upon a response by the defendant in the court below to the rule to show cause for not obeying the order of the court; or they might be used in support of a petition to the judge to revoke or modify such order.    They can not be considered by a court which has no original jurisdiction but is a court alone for the trial and correction of errors.    Civil Code, §§ 5498, 5836.    It is true that in a number of cases involving the refusal of injunctions, and in at least one in which an injunction had been granted, this court has heard evidence offered for the purpose of showing that, since the interlocutory order of the lower court was passed, circumstances had occurred which would render nugatory any judgment which the Supreme Court might render and has, when undisputed evidence showed such a state of facts to exist, dismissed the writ of error, for the reason that the judgment invoked by the plaintiff in error, if rendered, would be useless.    *Atlanta & Florida R. Co.* v. *Blanton*, 80 *Ga.* 563; *Thornton* v. *Manchester Co.*, 97 *Ga.* 342; *Cranston* v. *Bank*, Ib. 406; *Corning & Co.* v. *Seisel & Wolf Co.*, 101 *Ga.* 389; *Henderson* v. *Hoppe*, 103 *Ga.* 684; *Gallaher* v. *Schneider*, 110 *Ga.* 322; *Benton* v. *Singleton*, 114 *Ga.* 548; *Davis* v. *Jasper, Akerman* v. *Cartersville*, ante, 27, 57.    But the dismissal of a writ of error because a judgment of reversal would be, in practical effect, a mere nullity is a very different thing from the reversal of a judgment of a lower court upon proof of facts which have transpired since that judgment was rendered.    In the one instance, this court simply refuses to review a case in which any judgment which it might render would be useless; while in the other instance, to reverse the judgment of the lower court would be to hold that the judge below erred because of the proof of the existence of facts which have occurred since his judgment was rendered, and hence were not before him when he made his decision.    It is very clear that the facts presented which are dehors the record do not afford any reason for reversing the judgment of the trial judge.

3.    Nor do they afford sufficient reason for this court to comply with the request of the plaintiff in error, by giving " such di-

rection as will end and do away with any contempt proceeding that might grow out of the case." This court will not anticipate the final judgment of the trial judge upon the contempt proceeding, or presume that if legally satisfactory reasons are presented to him for a failure upon the part of the plaintiff in error to obey his order, or for a revocation of such order, he will not render such a judgment as the justice of the case requires. It is to be presumed that if the extrinsic evidence offered here is properly presented to the trial judge, he will give to it due consideration and whatever weight it may be legally entitled to, before finally disposing of the case. In what we have said upon this branch of the case, we are not to be understood as intimating any opinion whatever as to the legal effect of the facts outside of the record which have been urged upon our attention, except in so far as to determine that they afford no reason either for reversing the judgment rendered below, or for giving direction as to the disposition of the case by the trial judge. To this extent, and to this extent only, do we express any opinion in the matter.

*Judgment affirmed. All the Justices concur.*