BEGGS *v.* BEGGS.

HAWKINS, Justice. This was a habeas corpus proceeding, brought by the father against the mother for the custody of their two minor children, in which the petitioner alleged, and on the hearing proved, that he obtained a divorce in the Chancery Court of Pulaski County, Arkansas, in December, 1950, wherein the wife and mother filed an answer in which she put in issue the custody of the children, and sought the recovery of alimony for their support, and in which case the court awarded a divorce and $60 each month to the defendant for the support of the two minor children, except when in the custody of the

plaintiff, and decreed that the father have the custody of the children for the months of June, July, and August, of each year, and that the mother have custody during the remainder of the year. It was alleged that the mother assumed custody, and that the following June, when the petitioner became entitled to custody under the decree, the father demanded custody, the mother refused, and the father applied for the writ of habeas corpus, which was duly issued and served upon the defendant. The bill of exceptions, which is certified by the trial judge, recites that at the hearing the mother appeared in her own behalf, without counsel, filed no responsive pleadings and offered no evidence. The petitioner offered in evidence his verified habeas corpus petition, together with a duly authenticated copy of the divorce proceeding in the Chancery Court of Pulaski County, Arkansas, which sustained the allegations of his habeas corpus petition as to the judgment of that court in awarding the custody of the children. At the conclusion of the hearing, the trial judge took the case under advisement, and thereafter, without assigning any reason therefor, entered an order continuing the minors in the custody of the mother, and denying custody to the father. To this judgment the father excepted. *Held*:

1. "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." Article 4, Section 1, Constitution of the United States (Code, § 1-401); Code, § 38-627.

2. A divorce suit embraces within its scope the care and disposition of minor children, and jurisdiction over the parents confers eo ipso jurisdiction over the minors' custody and support; and where in a foreign court jurisdiction is not claimed by virtue of service by publication on a non-resident, but rests upon an answer and cross-bill filed therein by the non-resident, wherein the custody of the children and alimony for their support is put in issue, such court acquires complete jurisdiction of the marriage status and the custody of the children. Yarborough *v.* Yarborough, 290 U. S. 202, (54 Sup. Ct. 181, 78 L. ed. 269). Where the defendant appears and defends, a decree of divorce rendered by a court of another State and regular upon its face is not subject to attack in the courts of this State (*Marchman* v. *Marchman,* 198 *Ga.* 739, 741, 32 S. E. 2d, 790), and such a decree awarding custody of the children of the parties, rendered by the court of another State having jurisdiction of the subject matter and of the parties, shall be given full effect in this State. *Brandon* v. *Brandon,* 154 *Ga.* 661 (3) (115 S. E. 115); *Drake* v. *Drake,* 187 *Ga.* 423, 431 (1 S. E. 2d, 573); *Dyal* v. *Dyal,* 187 *Ga.* 600 (1 S. E. 2d, 660); *Patterson* v. *Patterson,* 208 *Ga.* 7 (64 S. E. 2d, 441).

3. The brief filed in this court by the defendant in propria persona, wherein she contends for the first time in this court that the answer filed in her name in the Arkansas court was without her authority or consent, and wherein she denied certain allegations of the plaintiff's petition in that divorce proceeding, and contends that she offered oral testimony on the hearing of the present proceeding in the trial court, thereby contradicting the recitals of the bill of exceptions, which is properly certified by the trial court, and attaching to the so-called

brief certain affidavits as to her earning capacity and good character dated after the rendition of the judgment by the trial court, cannot be considered by this court: Code, § 24-3901 (1); *Myrick* v. *Vineburgh,* 30 *Ga.* 161 (2); *Marietta Chair Co.* v. *Henderson,* 119 *Ga.* 65 (2) (45 S. E. 725); *Auld* v. *Schmelz,* 201 *Ga.* 42, 46 (39 S. E. 2d, 39).

4. Under the record in this case, the trial court erred in awarding the custody of the minor children to the defendant, and refusing to give effect to the decree of the Arkansas court awarding part time custody to the plaintiff.      *Judgment reversed. All the Justices concur.*

No. 17564. SUBMITTED SEPTEMBER 10, 1951—DECIDED OCTOBER 10, 1951.

*Langdale, Smith & Tillman,* for plaintiff.
*Mary Dorothy Beggs,* in propria persona.