### 26289. JOYNER v. JOYNER.

HAWES, Justice. Mrs. Joyner filed a proceeding in the nature of a habeas corpus in the Superior Court of DeKalb County against her former husband, William E. Joyner, Jr., to regain the custody of the three minor children of the parties whose custody had been awarded to her under the decree in a divorce proceeding instituted by her in the Superior Court of King County, State of Washington. After the introduction of evidence, including a properly exemplified copy of the decree relied upon by the plaintiff, the trial court remanded the children to the custody of the petitioner and that judgment is the subject of this appeal. The only issue raised by the three grounds of enumerated error relates to the question whether the Washington court had jurisdiction of the parties at the time it rendered the decree upon which this action is based. The undisputed facts are that, for more than one year prior to the commencement of the divorce proceeding, and at the time it was commenced, the parties and the children involved resided in King County, Washington; that, on December 23, 1969, the defendant husband was personally served with the summons and complaint for divorce; that during the last two weeks of January, 1970, and before the defendant had filed any defensive pleadings in the divorce ac-

tion, the parties attempted a reconciliation by resuming cohabitation; that this reconciliation was unsuccessful and the parties again separated; that thereafter in April, 1970, a sworn answer and cross complaint was filed on behalf of defendant alleging, among other things, that "defendant has resided in the State of Washington continuously for more than one year prior to the commencement of this action." It further appears that at the time said answer was filed the defendant and the children were actually in DeKalb County, Ga. On August 20, 1970, the final decree upon which plaintiff bases her case was rendered by the Superior Court in the State of Washington. *Held:*

1. Under the facts set forth above, the jurisdiction of the Superior Court of King County, Washington, over the parties was amply shown. *Mercer v. Foster,* 210 Ga. 546, 548 (81 SE2d 458). Appellant contends that the cohabitation of the parties for a period of two weeks after the filing and service of the divorce proceeding abated the divorce action and deprived the Superior Court of King County, Washington, of jurisdiction to try the case. However, after that occurrence the defendant filed defensive pleadings to the pending action in which he expressly alleged facts fixing jurisdiction of the parties in the King County court, and invoked the aid of that court to secure for him a divorce and custody of the minor children of the parties. He not only did not raise any issue as to the jurisdiction of the court to try the case, but thus expressly admitted its jurisdiction. He is now estopped to raise that issue before the courts of Georgia. *Drake v. Drake,* 187 Ga. 423, 429 (1 SE2d 573); *Dyal v. Dyal,* 187 Ga. 600 (2) (1 SE2d 660).

2. Under the Full Faith and Credit Clause of the United States Constitution (Art. IV, Sec. I; *Code.* § 1-401), a divorce decree of a sister State rendered after personal service on the defendant and after the defendant has appeared in person or by attorney and defended the same on the merits, which decree is regular upon its face, is not subject to collateral attack in the courts of this State but must be given full force and effect as if rendered by a court of this State. *Beggs v. Beggs,* 208 Ga. 415 (67 SE2d 135). It follows that, in the absence of any evidence of a change in condition since the rendition of the decree by the Superior

Court of King County, Washington, the Judge of the Superior Court of DeKalb County did not err in granting the writ and in remanding custody of the children to the mother.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 9, 1971—DECIDED MAY 6, 1971.

*M. H. Blackshear, Jr.*, for appellant.

*Raymond Alhadeff, Albert P. Feldman*, for appellee.