## HAMMOND *v.* HAMMOND.

90  527
94  410

90   527
118  297

1. Where a total divorce is granted in a court of Alabama, and by the decree the custody of the only child is given to the mother, the effect is to put the mother, as to the control of the child, in the place of the father, and make her custody and control legal. Hence *habeas corpus* at the instance of the father for the possession of the child, on the ground that it is illegally detained and that the mother is not a fit and proper person to rear it, will not lie.

2. In order for the father or any other citizen to obtain possession of the child from the mother by *habeas corpus*, after a decree awarding it to her, the applicant must make the sworn allegation required by section 4612(g) of the code. The matter of this allegation relates to the condition of the child, and is not covered by charges to the effect merely that the person having custody of the child is an unfit and improper person to retain control of it.

October 31, 1892.

Divorce. Custody of child. *Res adjudicata. Habeas corpus.* Before Judge RICHARD H. CLARK. Fulton county. At chambers, July 19, 1892.

L. R. RAY, J. L. BROWN and BISHOP & MCWHORTER, for plaintiff in error.

CALHOUN, KING & SPALDING and G. W. STEVENS, *contra.*

SIMMONS, Justice.

The case came to this court upon exceptions to the refusal by the judge of the superior court of a writ of *certiorari* from the judgment of the ordinary. From the petition for *certiorari* it appears that the petitioner is the mother of a minor child, the custody of which she held under the decree of a court of Alabama, and that by the judgment of the ordinary here complained of, the child was taken from her and his custody awarded to the father, her former husband, upon his application for *habeas corpus,* based upon the grounds that the child was illegally detained by the mother and that she was an unfit person to have custody of him. It appears that the decree under which the mother held the child was

rendered by a proper court of Alabama, while both parents were residing in that State, in a divorce proceeding which resulted in a dissolution of the marriage upon the ground of cruel treatment by the husband. So far as appears, the decree is valid and binding and has not been set aside. Its effect, therefore, was to put the mother, as to the control of the child, in the place of the father, and to constitute her its lawful custodian. The father, as parent, no longer had any legal right to ·its custody or control. No change in their status had taken place before the institution of the proceeding for *habeas corpus.*

The code, §4409, prescribes when the writ of *habeas corpus* may issue. That section declares that "any person restrained of his liberty under any pretext whatever in the State, or any person alleging that another in whom for any cause he is interested is restrained of his liberty, or kept illegally from the custody of the applicant, may sue out a writ of *habeas corpus,* to inquire into the legality of such restraint." The application for *habeas corpus* in this case does not appear in the record, but the grounds as stated in the petition for *certiorari* are, (1) that the child is illegally detained from the applicant, and (2) that the mother is an unfit person to have custody of him. From what has been said, it is clear that the application was not sustainable upon the ground that the child was illegally detained from the custody of the applicant.

It was argued, however, that the writ would lie under section 4612(g) of the code, which is as follows: "Whenever any child under the age aforesaid [twelve years] shall be brought before the ordinary of the county of·such child's residence, upon the sworn allegation of any citizen, that such child was found under circumstances of destitution and suffering, or abandonment, exposure or of begging, or that such child is being

reared up under immoral, obscene or indecent influences likely to degrade its moral character and devote it to a vicious life; and it shall appear to such ordinary by competent evidence, including such examination of the child as may be practicable, that by reason of the neglect, habitual drunkenness, lewd or other vicious habits of the parents or guardians of such child, it is necessary to the protection of such child from suffering or from degradation, that such parents or guardians shall be deprived of the custody of such child, such ordinary may commit such child to any orphan asylum or other charitable institution established according to law in this State, which is willing to receive such child, or to appoint a proper guardian therefor, or make such other disposition of them as now is, or may hereafter be, provided by law in cases of disorderly, pauper or destitute children."

It will be seen that the grounds of the application for *habeas corpus* in this case, as recited in the petition for *certiorari*, do not meet the requirements of this statute. The statute requires a "sworn allegation . . that such child was found under circumstances of destitution and suffering, or abandonment, exposure or of begging, or that such child is being reared up under immoral, obscene or indecent influences likely to degrade its moral character and devote it to a vicious life." This relates to the condition of the child, and that condition is not described by an allegation that the person in possession of the child is "an unfit person to have custody of him." That this condition exists does not necessarily follow from unfitness of the custodian. She might for some reasons be considered unfit, and yet her unfitness not be such as would place the child in the condition contemplated by the statute. The child might not, on account of such unfitness, be then situated in circumstances of destitution, or under immoral, obscene or in-

v 90-34

decent influences likely to degrade its moral character and devote it to a vicious life. The proceeding authorized by this statute is a very harsh one, permitting as it does the taking of a child from its parent at the instance of any citizen, without regard to the individual right of the applicant. A statute thus in derogation of parental rights should be considered strictly, and the prescribed allegations must be specifically made and sworn to before the statute can be set in operation. Besides, it is required that in an application for *habeas corpus* there must be " a distinct averment of the alleged illegality in the restraint, or other reason why the writ of *habeas corpus* is sought." (Code, §4010, par. 4.)

For these reasons we think the judge of the superior court erred in refusing the writ of *certiorari*.

*Judgment reversed.*