## MILNER *v.* GATLIN; and *vice versa.*

1. A decree of divorce in another State, in which the custody of the child is awarded to the father, is conclusive as between the parties to the decree as to his right and fitness for such custody at that time, but is not conclusive for all time. In a subsequent proceeding by habeas corpus for the possession of the child, between the parties to the decree, evidence as to the unfitness of the father will be confined to matters transpiring subsequently to the decree.

2. Where a decree of divorce in another State gives the possession of the child to the father, and there is no inhibition against his removal from the State or carrying the child beyond the jurisdiction of the court, and the father removes to another State, taking his minor child with him, and there acquires a domicile, the court of the State rendering the judgment of divorce is without jurisdiction to reform the judgment so as to change the status of the child and award it to the other party to the decree.

(a) A judgment of another State without jurisdiction may be collaterally attacked.

(b) The authority of a court to issue and serve process is restricted to the territory where issued, and the court has no power to require persons not within such territory to appear.

3. The evidence examined, and found to be insufficient to show that since the decree the child has been mistreated or neglected, or that the father is an unfit person.

4. It is not competent for a witness in a habeas-corpus case involving the possession of a child to state that in his opinion it is for the best interest of the child that its custody be given to one of the contending parties.

                              DECEMBER 11, 1912.

Habeas corpus. Before Judge Daniel. Spalding superior court. October 3, 1912.

*Cleveland & Goodrich* and *E. P. Patterson*, for Milner.

*W. H. Beck* and *W. E. H. Searcy Jr.*, contra.

EVANS, P. J. This is a proceeding in habeas corpus brought by Mary F. Gatlin, the mother of Lucile Milner, against the father, C. W. Milner, for the possession of the child. C. W. Milner was a native of Pike county, Georgia, and went to Dallas, Texas, where he married Mary F. Erwin. At the time of their marriage, which occurred on June 10, 1908, he worked for a street-railway company, and she worked in a store. About three years after the marriage the husband filed a suit for divorce in the district court of the 68th judicial district, Dallas county, Texas, alleging that he and his wife were bona fide residents of that county, and praying an absolute divorce and the custody of the child of the marriage, who was born February 13, 1909. The wife made a written acknowledgment of service, reciting that she had read the divorce petition, and, without committing herself to the truth of any allegation therein contained, waived the issuance and service of citation upon her. She answered the petition, averring that the allegations showed no cause of action, and demanded strict proof of the same. Pending the action for divorce the husband and wife entered into a written agreement, reciting that the husband had applied for a

divorce and that it was desired to settle the custody of their minor child and their property rights, and it was agreed, amongst other things, "that the court may, in its discretion, direct the care and custody of said child be awarded to C. W. Milner." On May 18, 1911, a decree was rendered granting an absolute divorce between the parties and adjudging that the father have the exclusive care and custody of the minor child and that the wife "shall have the privilege of visiting said child at the home of plaintiff at any and all reasonable times." The defendant, after the decree of divorce had been entered, on July 11, 1911, married John Gatlin. About that time the plaintiff moved to Pike county, Georgia, bringing the child with him, and in February, 1912, married Miss Mann. In July, 1912, Mrs. Mary F. Gatlin filed with the court which rendered the divorce decree her application to reform so much of it as awarded the custody of the child to C. W. Milner, in which it was stated that C. W. Milner had taken the child to Georgia, and without the jurisdiction of the court. Citation issued from the Texas court and was served on C. W. Milner, who was domiciled in Georgia, by the sheriff of Pike county, Georgia. Milner made no appearance, and the Texas court, on August 20, 1912, reformed the judgment granted in the divorce case, by revoking so much thereof as awarded the custody of the child to the father, and adjudging that the mother should have exclusive possession of the child, with the privilege of the father's visiting it at all reasonable times. Thereafter, in September, 1912, Mrs. Mary F. Gatlin sued out the writ of habeas corpus, asking that the child be taken from the possession of C. W. Milner, and that its custody be given to her. After hearing evidence the court awarded the child to the mother, and the father excepted. The court excluded certain evidence offered by the mother, and his rulings thereon are made the subject of a cross-bill of exceptions.

1. We will first notice the judgments of the Texas court, as bearing on the rights of the respective parents to have the custody of their little daughter. A decree in a divorce suit, awarding the child to one of the parents, is prima facie evidence of the legal right to its custody; and that judgment will be given effect in habeas-corpus proceedings, unless it is shown that since the judgment the child has been neglected or mistreated, or the parent has become unfit to be its custodian. *Williams* v. *Crosby*, 118 *Ga.* 296 (45 S. E. 282); *Hollenbeck* v. *Glover*, 128 *Ga.* 52 (57 S. E. 108).

The same rule applies whether the judgment is sought to be enforced in the State of its rendition, or in a sister State. Thus in *Hammond* v. *Hammond,* 90 *Ga.* 527 (16 S. E. 265), it was ruled that .where a total divorce is granted in a court of Alabama, and by the decree the custody of the only child is given to the mother, the effect is to put the mother, as to the control of the child, in the place of the father, and make her custody and control legal. Hence habeas corpus will not lie at the instance of the father for the possession of the child on the ground that it is illegally detained. The same principle is recognized by the Supreme Court of Texas, where it has been held that a decree of divorce in another State, in which the custody of the child is awarded to the father, is conclusive as to his right and fitness for such custody at that time; and that in a proceeding by habeas corpus for the possession of the child, evidence as. to the unfitness of the father will be confined to matters transpiring subsequently to the decree. Wilson *v.* Elliott, 96 Tex. 472 (73 S. W. 946, 75 S. W. 368, 97 Am. St. R. 928). Therefore we are of the opinion that the divorce decree awarding the custody of the child to the father concludes the mother as to the father's right to the possession of the child at the time of its rendition; and that unless the subsequent decree reforming the judgment is valid, or events transpiring since the first decree show the father to be an unfit person to have the custody of his child, he is entitled to the child's possession by virtue of the decree.

2. Is the decree of reformation a valid judgment? At the time it was entered the father and the child were domiciled in Georgia, and this fact raises the question of the jurisdiction of the court to make the second decree. We are not informed by the record of the provisions of the Texas law relative to the reformation of judgments; whether the proceeding is corollary to the judgment, or an independent procedure. Every State ·has the right to determine the marital status of its citizens, and the right to make such decision draws to it the right to dispose of all ancillary matters, such as the custody and support of children when the marital relation of the parents is dissolved. And it may be conceded that such a judgment may be modified or amended after the term at which it was rendered, in a proper case. But it does not follow that after a judgment of divorce has been ren-

dered, awarding the custody of a child of the marriage to one of the parties, who thereafter changes his domicile and that of the child by removal to another State, the court still retains absolute control over the res or the parties by virtue of the original judgment, so as to give jurisdiction to authorize a modification on the merits, vitally affecting the domestic status of the non-resident parties. The judgment in this case did not forbid the removal of the child from the State of Texas or the jurisdiction of the court. The father was free to take up a domicile in Georgia at his pleasure, and, there being no inhibition against bringing his minor child to Georgia, the domicile of the father became the domicile of the infant. Lanning *v.* Gregory, 100 Tex. 310 (99 S. W. 542, 10 L. R. A. (N. S.) 690, 123 Am. St. R. 809). When the father took up his domicile in Georgia he was entitled to the custody of his infant child in his possession, both on account of the parental relation and the judgment of the Texas court. Whatever right the Texas court may have had to vacate or amend its judgment so as to affect the marital status of the parties, it was without power to fix a new status for the child, who was not within its jurisdiction at the time the judgment of reformation was rendered. The courts of one State have no power to change the status of citizens of another State. Besides, the proceedings to reform required service of citation, and at least so much of the judgment as awarded the custody of the child to the father was treated as a judgment in personam. But it may be said that C. W. Milner was served with notice of the application to reform the original decree, by the sheriff of Pike county, Georgia. This service goes for naught, because the authority of a court to issue and serve process is restricted to the territory of the State where issued, and the court has no power to require persons not within such territory to appear. In Re Culp, 2 Cal. App. 70 (83 Pac. 89) ; *Boyd* v. *Glass*, 34 *Ga.* 253 (89 Am. D. 252). The court of Dallas county, Texas, therefore had no jurisdiction over C. W. Milner or his child to affirmatively fix the domestic status of the child after they became domiciled in this State. It is for this reason that the latter judgment does not come within the purview of the full faith and credit clause of the Federal constitution. "A judgment rendered by a court without jurisdiction is a mere nullity, and may be so held wherever and whenever

8

and in whatever way it is sought to be used as a valid judgment." *Towns* v. *Springer,* 9 *Ga.* 130. Perhaps the more correct practice would have been to allow in evidence the judgment of reformation, to be considered in connection with the testimony relating to its validity; but its exclusion was harmless error.

3. Has the condition of the parties changed since the judgment was rendered giving the possession of the child to the father? The child is the chief sufferer in this domestic tragedy. Father and mother are estranged, divorced, and each has contracted a second marriage. The father's second wife is shown to be a woman of most excellent character, and she swears that she has learned to love the child and is anxious for her custody. Nothing transpiring since the judgment is urged against the propriety of giving the child over to the father, save the statement of the mother that the stepmother is teaching the child to hate her, but no fact is recited to authorize such a charge. The father has succeeded as a farmer, and is now negotiating the purchase of a farm. The father and sister of Mrs. Gatlin pay tribute to Mr. Milner's character, and give reasons for believing that it is to the best interest of the child that she be intrusted to her father. On the other hand, Mrs. Gatlin shows that her husband is a barber, earning $175 per month, and has a home of his own, and that they bear good characters. We do not think that developments since the decree of the Texas court awarding the child to the father show either that the child has been mistreated or neglected, or that the father is an unfit person.

4. The plaintiff, Mrs. Gatlin, offered to prove by two witnesses that it would be to the best interest of the child if she be awarded to her mother. This is opinion evidence, and the rule in respect thereto is that if the data can be placed before the judge in such a way as that he may draw the inference as well as the witness, then it would be superfluous to add by way of testimony the inference which the court may well draw for himself. *Taylor* v. *State,* 135 *Ga.* 622 (70 S. E. 237). It is not competent for a witness in a habeas-corpus case involving the possession of a child to state that in his opinion it is for the best interest of the child that its custody be given to one of the contending parties. *Moore* v. *Dozier,* 128 *Ga.* 90 (57 S. E. 110).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*