## SELLS v. SELLS.

No. 8374. June 12, 1931.

*Howell, Heyman & Bolding,* for plaintiff in error.
*O. C. Hancock,* contra.

Gilbert, J. B. J. Sells filed a petition against Mai G. Sells, alleging that he and the defendant were formerly husband and wife,

but that on June 25, 1926, a total divorce was granted, permitting each of the parties to marry again, awarding permanent alimony in favor of the wife, and making provision for the support of Margaret Ann Sells, the infant daughter of the parties; that a proper decree was rendered carrying into effect the aforesaid provisions; that custody of the infant daughter was awarded to the mother; that petitioner, a captain in the United States army, was subsequently married again to a woman of high character, and now maintains a home at Fort McPherson, Ga., where he has all necessary facilities for taking care of and providing for his said daughter. The petition further alleges that the daughter is now of school age, no longer in need of the constant care of her mother, and is "entitled to receive in greater measure the love, affection, and care of her father;" that the father is of good character, devoted to his daughter, believes that the best interest of the daughter will be promoted by having her reared with a greater degree of his love and care and with greater opportunity to benefit therefrom than she can receive and acquire from short visits provided under the decree rendered; that the father resides in a location where the child would have access to the same school and same Sunday-school; that the father has, under the decree of the court paid the sum of $65 per month for the support, maintenance, and education of the child; that his present wife is not only able but willing to have his child in petitioner's home and to give the child proper care and companionship; that the court has previously refused to modify the former decree in connection with the custody of the child, so as to allow petitioner the custody and control of the minor daughter. The present petition prays that the judgment dismissing the aforesaid petition for modification be set aside, and that the former petition for modification be dismissed, and that at the hearing the court, "exercising a continuing jurisdiction over the welfare of said child, who as a result of said divorce proceedings became the ward of said court, enter a judgment granting to petitioner the custody and control of said Margaret Ann Sells, petitioner's infant daughter, for at least one half of the time or for such time as the court, in the exercise of sound discretion, may deem proper, in order that said child may have the benefit of paternal love, affection and care, as well as of maternal love, affection and care."

Mai G. Sells demurred to the petition, on the grounds that it sets out no cause of action; that the former decree is conclusive and final between the parties, and can not be amended or modified; that the court is without power to change or in any respect to modify the decree. There are other grounds of demurrer, but the above is sufficient to show the issue. The court sustained the demurrer and dismissed the petition. Elaboration of the headnotes is not necessary.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*