122

## SHIELDS *v.* BODENHAMER.

No. 10431.   JANUARY 18, 1935.

*Isaac S. Peebles Jr.,* and *W. R. Flournoy,* for plaintiff.

*Hammond, Kennedy & Kennedy* and *Leonard H. Boller,* for defendant.

BELL, Justice.   I. Lawrence Shields brought a petition for the writ of habeas corpus against Mrs. Alice B. Bodenhamer, his former wife, seeking the custody of their minor child, Georgia Alice Shields, which had been awarded to her mother in a decree of divorce between the parties.   The petition alleged that at the time of such decree the child was only three years of age, and that subsequently thereto the child had been almost continuously in the custody of her mother; that the petitioner and his former wife have each married again, and for the past several years the petitioner has had the custody of the child during a part of each summer, and, in addition to paying $10 per week as alimony, has conferred upon her many advantages, a continuation of which would benefit her in the future; "that it has been impossible for petitioner to get the consent of the said Mrs. Alice B. Bodenhamer to any reasonable division of the custody of said child as to said child; that in January, 1934, he received a letter from his former wife, stating in substance that she would guarantee him from five to six weeks visit from said child, and longer, if she could spare it; that she was contemplating a trip to Washington, but did not know whether it would be the first or last part of the summer, and he has been unable to get any definite understanding with his wife with reference to the custody of said child for any portion of the time."   The plaintiff and his present wife maintain a home in Columbus, Georgia.

where they have resided for the past several years, and where the plaintiff is in charge of theatres of a named company. "Petitioner shows that he is desirous of having the custody of said minor child, Georgia Alice Shields, in order that his said child can have the advantage of petitioner's home and the companionship of petitioner's other minor child by his said second marriage. Petitioner shows that if he is denied the right to have the custody of his said child, that said child will forget all of the ties that should naturally exist between parent and child. Petitioner shows that he has paid the sum of $10 per week regularly to the mother of said minor child, which amount was agreed upon by petitioner and defendant as alimony for the support of said child. Petitioner shows, that, in addition to the payment of said sum, he has frequently bought clothes, paid doctors' bills and other necessary expenses, and has expended other sums upon said child by taking her upon trips with him during his vacation period. Petitioner shows that said child is now eight years of age; that the circumstances surrounding petitioner and said child since the final decree of said divorce cause have changed to such extent as to bring about the refusal on the part of the defendant to allow him the custody of said child during the summer months, to amount to an illegal detention on the part of the defendant of the person of said child from your petitioner. Petitioner shows that he has demanded said child from the defendant under the terms of the law, but has been refused possession of her. Petitioner shows that the detention and restraint of the child, as aforesaid, is illegal, and that he as the father of said child is entitled to her custody and control at least during the summer months of the year, and he prays the custody and control of said child." The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted.

A decree of divorce in which the custody of a child is awarded to the mother is conclusive as between the parties to such decree as to the right of the mother to the custody of the child, unless a change of circumstances affecting the welfare of the child is shown. In the present case the only changes of circumstance shown by the petition were that each of the parents had married again, that the child has advanced from three to eight years of age, and that the plaintiff and his present wife maintain a home into which they could receive the child, and in which it could have the companionship of a child

124

born to the plaintiff and his present wife. None of these facts would constitute such a change of conditions affecting the welfare of the child, whose custody had been awarded to the mother, as would authorize an opening or modification of that judgment. The petition does not show that the mother has for any reason become unfit to be entrusted with the custody of the child, or that the child in remaining with her mother does not enjoy advantages equal or superior to those now offered by the father. Thus it does not appear that since the former judgment there has occurred any change of circumstance, in view of which the welfare of the child would be enhanced by a revision of the former award with regard to her status. The court did not err in sustaining the general demurrer and in dismissing the petition. See *Kirkland* v. *Canty,* 122 *Ga.* 263 (50 S. E. 90) ; *Johnson* v. *Johnson,* 131 *Ga.* 606 (62 S. E. 1044) ; *Milner* v. *Gatlin,* 139 *Ga.* 109 (76 S. E. 860), s. c. 143 *Ga.* 816 (4) (85 S. E. 1045, L. R. A. 1916B, 777) ; *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237), s. c. 175 *Ga.* 110 (165 S. E. 1).

*Judgment affirmed. All the Justices concur.*