## DYAL v. DYAL.

GRICE, Justice. 1. A pauper affidavit stating conjunctively that the plaintiff in error because of poverty is unable to pay "the costs accrued and to accrue and necessary ordinarily to carry her said case to the Supreme Court" is insufficient to relieve the plaintiff in error from payment of costs in the Supreme Court. *Hicks* v. *Hicks,* 186 *Ga.* 362 (197 S. E. 878).

2. In a suit for divorce in a Florida court by a husband, in which he asserted that he was a bona fide resident of that State and had been for the time required by its laws in order to give its court jurisdiction, where the wife appeared and answered and specifically denied the allegations of the husband as to residence, and the court, having made a specific finding that such residence of the husband was a fact, entered a final decree granting the parties a divorce, such decree can not be successfully attacked in a suit in the courts of this State on the ground that the said decree was void for the reason that the Florida court had no jurisdiction of the person of the plaintiff therein, he not being a bona fide resident of Florida at the time of filing the divorce suit. Whether or not the husband was at the time a bona fide resident of the State of Florida was an issue of fact which was submitted to and determined by the Florida court, and the parties are concluded by the finding of that court thereon, and its decree based thereon. *Drake* v. *Drake,* 187 *Ga.* 423 (1 S. E. 2d, 573).

3. After a decree of total divorce has been rendered, the matrimonial relation no longer exists, and therefore the wife can not successfully seek an order or judgment requiring her former husband to pay alimony. Nor can she in her own name, and in behalf of minor children, obtain an order or judgment requiring her former husband to pay to her alimony, or an allowance in the nature of alimony, in order that she may support the children whose custody has been awarded to her in the decree of divorce. *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992).

4. There was no error in refusing to grant alimony.

*Judgment affirmed. All the Justices concur.*

No. 12553. JANUARY 14, 1939. REHEARING DENIED FEBRUARY 18, 1939.

W. A. *Wooten* and *Krauss & Strong,* for plaintiff.
R. *Earl Camp,* for defendant.