GIRTMAN *v.* GIRTMAN.

No. 13541. November 15, 1940.

*Howell & Post,* for plaintiff.

*Howard, Tiller & Howard,* for defendant.

GRICE, Justice. ■ Had the motion of plaintiff in error to dismiss the proceeding been sustained, it would have been a final determination of the cause. Since in the bill of exceptions error is assigned on the ruling denying that motion, the writ of error can not be dismissed on the ground that it was prematurely sued out; and this is true regardless of whether the additional order providing for the custody of the child be treated as merely a direction that it be delivered to one of the parties pending a further hearing. Code, § 6-701.

■ Looked at from any one of several standpoints, the defendant in error is not entitled to prevail. Treating her proceeding, as she herself treated it, as one filed in a suit for divorce once pending between her son and his wife, it must fail, because she was not a party to that suit. She did not ask to be made a party, even had it been proper to allow such request. Ordinarily a mother-in-law has no right to participate as a party in a suit for divorce between her son and daughter-in-law. But the suit had ended. At the time of the filing of her petition no such suit was pending. Not only that, but the sole defendant in that suit had died. These considerations present compelling reasons why she was not entitled in this manner to obtain possession of the child. But it is said that this court ruled, in *Curtright* v. *Curtright,* 187 *Ga.* 122 (2) (200 S. E. 711), that the particular court in which the divorce was rendered had jurisdiction to entertain an attachment for contempt for failure to pay alimony, regardless of the residence of the party, thus recognizing that a divorce court retains jurisdiction even of the final decree, to give effect to its provisions; and seeking to apply this ruling to the case at bar, counsel for defendant in error takes the position that since in the instant case the decree contained a statement to the effect that the court retained jurisdiction of the custody of the minor, that court had a right to make further disposition of the child. The two cases are by no means analogous. The only court that could punish one for contempt for failure to obey its order was the court that issued it. One of the many differences in the two cases is that the law of contempt is not concerned with the residence of the person in contempt.

It is contemplated by our Code, § 30-127, that the judge, after

the rendition of the two verdicts granting a divorce, shall in his decree award the custody of the child or children. This has been done in the decree before us, and is conclusive unless a change of circumstances be shown, arising subsequently to the date of the decree. *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237); *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294). Whether or not, ordinarily, a provision in a divorce decree that the court retains jurisdiction of the custody of any minor child of the marriage could serve to give the divorce court at a later term the power to change, as between the parties to the divorce suit, the disposition originally made of the child, is a matter we do not decide. Compare, however, *Oetter* v. *Oetter,* 150 *Ga.* 118 (2) (102 S. E. 818); *Scott* v. *Scott,* 154 *Ga.* 659 (115 S. E. 2); *Sells* v. *Sells,* supra; *Crowell* v. *Crowell,* 190 *Ga.* 501 (9 S. E. 2d, 628). Two things are apparent: (1) the reservation of jurisdiction could not have been effective as to any party not then before the court, and (2) that reservation finally came to an end when H. L. Girtman died. Never after that date could there be any issue between Mrs. Frances Girtman and H. L. Girtman for the court to adjust. All other considerations aside, the alleged right which it is now attempted to assert, being non-existent at the time of the decree, could not possibly have been within the contemplation of the judge when making the reservation of jurisdiction. Accordingly, in no view of the case could that reservation inure to the benefit of Mrs. Minnie I. Girtman.

We are met with another contention, and it is that the petition of the defendant in error states that under the will of Harry L. Girtman she is named as testamentary guardian of the child, and therefore is entitled to the custody. A father in his will has the power to provide that property which he bequeaths and devises to a minor son shall be held by one whom he names therein as the child's testamentary guardian, but we know of no provision of law by which a father can by will appoint a guardian for the person of his son, and in such manner take the custody from the mother. In 74 A. L. R. 1348, 1356 (in a note to Leclerc *v.* Leclerc, 85 N. H. 121, 155 Atl. 249), it is stated that in the absence of a statute otherwise providing, it is the rule that the right of a surviving parent to the custody of a child can not be divested by provisions of the will of the deceased parent. Among the au-

thorities cited in support of this statement is *Taylor* v. *Jeter,* 33 *Ga.* 195 (81 Am. D. 202). In that case it was squarely ruled that a judgment or decree divorcing husband and wife a vinculo matrimonii, and giving the custody and education of a child of the marriage to the wife, does not empower her to appoint a testamentary guardian for that child, the father surviving.

■ Let the position be viewed from another angle. There is no magic in mere nomenclature, even in describing a pleading. Let us concede for the sake of the argument that her motion or petition, although evidently intended by the pleader to be in the nature of an intervention in a suit of the character above described, as a matter of fact contains every essential element of a petition for habeas corpus, brought by Mrs. Minnie I. Girtman against Mrs. Frances Girtman, for the custody of a child; and if it be so considered, still it can not prevail, because it affirmatively appears that at the time Mrs. Minnie Girtman filed her petition the child was in the possession of the mother, and that she was a resident of Fulton County, not DeKalb, where the petition was brought. This is the basis of one of the grounds of the motion to dismiss it. DeKalb County is in the Stone Mountain Circuit; Fulton in the Atlanta Circuit. The judge of the superior court of DeKalb County would have no authority to grant a writ of habeas corpus, because a petition therefor has to be presented to the judge of the superior court of the circuit where the illegal detention exists. Code, § 50-103. Nor is this all.

■ ■ ■ Treating the petition as in substance a petition for habeas corpus, and forgetting for the moment the lack of jurisdiction of the person, the petition showed no reason sufficient in law to take the child away from his mother, the surviving parent. It was not alleged that the mother was an unfit person to retain the custody. It is true that the petition states that "the environment in which said child will be reared, if placed in the custody of petitioner, will be more conducive to its welfare than the environment in which it is now being kept by its mother, who now has said child in her possession, and petitioner feels that it is for the best interest of said child that its custody be awarded to her;" but this is a mere conclusion, without a single fact alleged in support thereof. We can well understand the devotion of a grandparent for a grandchild. We have witnessed and felt the warmth of that devotion.

Having had the sole custody for some time, it is but natural for her to feel that the child should be restored to her. Far be it from any member of this court to undervalue the tender ministrations of a grandmother. Sweet memories of such will linger so long as life itself shall last, even after the vase is broken and shattered. But her loving care was never meant to take the place of a mother's. As was said by Mr. Justice Lumpkin, in *Sloan* v. *Jones,* 130 *Ga.* 836, 855 (62 S. E. 21), "God gave the child to his parents, not to his grandparents." Our law places the primary responsibility of nurturing, rearing, and training a fatherless orphan, as well as the joy and privilege of so doing, on the mother; and this is in harmony with nature's instinct and with nature's law. If the petition be construed as asserting that the worldly goods of the grandmother are greater than those of the mother, such a situation affords no sufficient ground for awarding the custody to the grandmother. *Sloan* v. *Jones,* supra. "While the judge upon a hearing of a writ of habeas corpus for the detention of a child is vested with a discretion in determining to whom its custody shall be given, such discretion should be governed by the rules of law, and be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child justify the judge in awarding its custody to another." *Sloan* v. *Jones,* supra, citing *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48); *Monk* v. *McDaniel,* 116 *Ga.* 108 (42 S. E. 360).

"Upon the death of the father, the mother is entitled to the possession of the child until his arrival at such age that his education requires the guardian to take possession of him. In cases of separations of the parents, or of the death of one and the subsequent marriage of the survivor, the court, upon writ of habeas corpus, may exercise a discretion as to the possession of the child, looking solely to his interest and welfare." Code, § 74-106. This fixes the mother's right to the custody of the child on the death of the father. *Landrum* v. *Landrum,* 159 *Ga.* 324, 328 (125 S. E. 832, 38 A. L. R. 217). Nothing in the divorce decree can upset this: (1) Because the rule is that upon the death of the parent who has held custody under a divorce decree, the right to custody automatically inures to the surviving parent. See authorities to that effect in 74 A. L. R. 1353, supra. (2) Because of another rule, that upon the death of one of the parties divorced by judicial

decree, the divorce proceeding fails so far as concerns any further right to the custody of children. See same note, 74 A. L. R. 1357, and cit. There are some decisions to the contrary of the rule last announced, but the weight of authority supports it. For the reasons outlined above, we are of the opinion that the court erred in not dismissing the petition on demurrer. This ruling, since it is controlling, makes it unnecessary to rule specifically on the other exceptions.    *Judgment reversed.    All the Justices concur.*