## BROWN *et al. v.* NEWSOME.

DUCKWORTH, Justice. 1. On the death of the parent who holds custody of a child under a divorce decree, the prima facie right to the custody automatically inures to the surviving parent. *Landrum* v. *Landrum,* 159 *Ga.* 324 (125 S. E. 832. 38 A. L. R. 217); *Girtman* v. *Girtman,* 191 *Ga.* 173 (11 S. E. 2d, 782); *Chapin* v. *Cummings,* 191 *Ga.* 408 (12 S. E. 2d, 312).

2. Under the Code, § 74-108(3), the right to parental control and custody may be lost by the father by failure to provide necessaries for his child. However, in order to sustain a contention that the father has lost his right to custody by reason of failure to provide necessaries, a clear and strong case must be made. *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48); *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21).

3. In the instant case the decree of divorce giving custody of the infant boy to the mother provided that the father should pay $20 per month for his support, and that upon his reaching the age of three and a half years application might be made to the court for further order with reference to his custody. The mother, who lived with her parents, died when the child was about two years old. The father was at that time in arrears on the payments for the support of the child; but there was evidence that he was unable to make the payments, because of being sick and unemployed. He allowed the child's grandparents to retain and care for him for almost two years before instituting the present proceedings to obtain custody. During this time he visited the child, but contributed nothing to his support, except occasional gifts of clothing, although the father was gainfully employed. It did not appear that the grandparents made any demand that the father contribute to the support of the child. On the contrary it appears that they willingly cared for him, hoping to be able to obtain the permanent custody. While this evidence discloses that the father allowed the grandparents to retain custody of the child after the death of their daughter and only child, and to bear financial burdens which were primarily his, it was not sufficient to demand a finding that the father had lost his prima facie right to custody by failure to provide necessaries.

4. The evidence being sufficient to authorize a finding that the father was financially able and a morally proper person to have the custody of the child, the court did not err in awarding the custody to him.

*Judgment affirmed. All the Justices concur.*

No. 13662. APRIL 16, 1941.

*Ben F. Johnson Jr.* and *Elbert P. Tuttle,* for plaintiffs in error.
*Charles G. Bruce,* contra.