PEEPLES *v.* NEWMAN.

No. 17821.   SUBMITTED APRIL 14, 1952—DECIDED MAY 12, 1952.

*C. Wesley Killebrew*, for plaintiff.
*John F. Hardin*, for defendant.

WYATT, Justice. ■ The decision in this case involves the validity and effect of the judgment of the courts of a sister State. There is no question in this case as to the jurisdiction of the South Carolina court to award the custody of the children here involved, both parties and the children having been within the jurisdiction of that court at the time the award was made.

It is a well-settled rule of law in this State that "A judgment of a court of competent jurisdiction in another State, awarding the custody of a child to a named person, which judgment is regular on its face and unimpeached for fraud, is conclusive of the status at the time of its rendition, and will be accorded full faith and credit when introduced in proceedings in this State for the custody of the child." *Jernigan* v. *Garrett*, 155 *Ga.* 390 (117 S. E. 327). See also *Milner* v. *Gatlin*, 139 *Ga.* 109 (76 S. E. 860); *Spann* v. *Edwards*, 139 *Ga.* 715 (77 S. E. 1128); *McDowell* v. *Gould*, 166 *Ga.* 670 (144 S. E. 206); *Hammond* v. *Hammond*, 90 *Ga.* 527 (16 S. E. 265). There is nothing to the contrary in *Brandon* v. *Brandon*, 154 *Ga.* 661 (115 S. E. 115), because in that case the child whose custody was being determined was not within the jurisdiction of the court when the award was made.

However, a judgment awarding the custody of a child, whether rendered by the courts of a sister State or by the courts of this State, may be modified upon application when it is shown that there is such a change of conditions since the rendition of the decree as will affect the welfare of the child. See *Milner* v.

*Gatlin,* supra. Therefore, it appears from the rules announced in the cases above cited that, before the courts of this State are authorized to modify the judgment of a court of competent jurisdiction of a sister State awarding the custody of a child, the judgment being regular on its face and not impeached for fraud, it must appear that there has been such a change of conditions as would authorize the modification of a similar judgment rendered by the courts of this State.

■ The question, then, which is presented in this case is whether or not the facts and circumstances appearing in the instant case are such as will authorize the modification of the decree awarding the custody of the children here involved. There are several circumstances relied upon to sustain the judgment of the court below modifying the decree of the South Carolina court. It appeared from the evidence in this case that, since the above decree was rendered, a total divorce has been granted between the parties, and that both have remarried other persons. This is not in itself such a change of conditions as will authorize the modification of a decree awarding the custody of a minor child. See *King* v. *King,* 202 *Ga.* 838 (44 S. E. 2d, 791), and *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294).

There was also evidence to the effect that the father had contributed nothing to the support of the children since June 4, 1951, the time when they came to live with the defendant in error, although he was financially able to do so. Under the circumstances of this case, this is not sufficient to authorize the judgment of the court below. The defendant in error herself testified on the stand in this case that she and the plaintiff in error had an understanding that she would support the children when they were with her, and that he would support them when they were with him, and that this was in accordance with the decree of the court. This discloses positively that there has been no change of condition in this respect.

There was additional evidence in this case concerning both parties. We think it sufficient to say that the evidence discloses that both of the parties are fit and proper persons to have custody of these children. The decree of the South Carolina court indicates that this was true when the original award was made. There has, therefore, been no change of condition in this respect.

There have, of course, been some additional changes in conditions since the decree was rendered. However, any slight change in conditions will not authorize the modification of a decree awarding the custody of a child. There must be some substantial change not naturally expected that affects the welfare of the child. See *Kirkland* v. *Canty*, 122 *Ga.* 261 (50 S. E. 90); *Sells* v. *Sells*, 172 *Ga.* 911 (159 S. E. 237); *Barlow* v. *Barlow*, 141 *Ga.* 535 (81 S. E. 433); *Watson* v. *Padgett*, 202 *Ga.* 606 (44 S. E. 2d, 232); *Fortson* v. *Fortson*, 200 *Ga.* 116 (35 S. E. 2d, 896). None of the changes in circumstances which appear in the record is of such a substantial nature as will authorize the modification of the decree awarding custody of the children in this case.

Great stress is laid upon the evidence to the effect that the children expressed a desire to remain with their mother. It appears from the record that the children were eight and ten years of age when this suit was brought. They themselves did not testify. It is sufficient to say that it does not appear whether or not the desires of the children have changed since the original decree was rendered. The statement of the judge in his decree to the effect that the children told him in a private conversation that they did not want to go back with their father, and that he thought it best not to disclose their reasons, does not add to the effect of this evidence. The reasons given are not a part of the record in this case and, of course, can not be considered by this court. This evidence is therefore not sufficient to authorize the judgment of the court below.

"In all writs of habeas corpus sued out on account of the detention of the child, the court on hearing all the facts may exercise its discretion in awarding the custody of the child. Such discretion, however, is not arbitrary or unlimited, but is a discretion guided and governed by the rules of law. The power ought to be exercised in favor of the party having the legal right, unless the circumstances of the case would justify the court, acting for the welfare of the child, in refusing it." *McDowell* v. *Gould*, 166 *Ga.* 670, supra. See also *Miller* v. *Wallace*, 76 *Ga.* 479 (2 Am. St. R. 48); and *Hill* v. *Rivers*, 200 *Ga.* 354 (37 S. E. 2d, 386). The plaintiff in error in this case, because of the decree awarding him the custody of the children here involved, had the legal right to their custody. *Hill* v.

*Rivers,* supra. Since it does not appear that there is any substantial reason why the plaintiff in error should be deprived of the custody of the children here involved, and since it has not been shown that there has been any substantial change in conditions since the original decree was rendered, the judgment of the court below was error.

■ The next question presented is the correctness of the judgment of the court below allowing $25 per month for each child, payable to the mother for the support of the children. It will be noted that these parties were granted a total divorce some time ago, and, in so far as the record shows, no alimony was allowed for the support of the wife or the children. Nor was any amount allowed for the support of the children when the decree awarding custody was rendered by the South Carolina court. The wife testified that there was none allowed.

It is a well-settled rule of law in this State that "There is no provision in the laws of this State whereby a divorced wife in her own name, and in behalf of their minor child, may obtain an order or judgment requiring her former husband to pay to her alimony, or an allowance in the nature of alimony, in order that she may support the child, whose custody has been awarded her in the decree of divorce." *Rozetta* v. *Banks,* 183 *Ga.* 701 (189 S. E. 513). See also *Dyal* v. *Dyal,* 187 *Ga.* 600 (1 S. E. 2d, 660); and *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992). It follows, the judgment of the court below making an allowance for the support of the children in the instant case in a habeas corpus proceeding, and after a total divorce has been granted the parties, was error.

■ There is a further provision in the order in the instant case providing that the plaintiff in error should give a good and solvent bond, conditioned upon the return of the children to the mother when the period during which he had custody of the children was ended. This provision is apparently not attacked, and will not be considered.

*Judgment reversed. All the Justices concur.*