18529.  MERCER *v.* FOSTER.

Submitted March 8, 1954—Decided April 14, 1954.

*P. Q. Bryan, Bob Humphreys,* for plaintiff in error.

*Omer W. Franklin, Franklin, Eberhardt & Barham, Wilby C. Coleman,* contra.

ALMAND, Justice.   Glen H. Mercer brought a petition for habeas corpus against Mrs. Alma Foster, wherein he alleged: that the parties were the father and mother respectively of two minor children now in the custody of the defendant under the provisions of a divorce decree from the Circuit Court of Broward County, Florida, dated June 11, 1953, awarding the children to the defendant; that the defendant is now illegally detaining the children, in that, since the grant of the Florida decree awarding the children to her, conditions have changed which affect the welfare of the children, the changes of condition alleged being: (a) the defendant has remarried; (b) the defendant's husband is seeking to adopt the children; (c) the defendant's husband is mean and cruel to the children; (d) the defendant is neglecting the children and is not giving them the care and affection they should have; (e) the defendant is preparing to leave the State of Georgia and take the children to the State of New York, where she plans to live.   The defendant filed her response, in which she denied the material allegations of the petition.   After hearing evidence from the parties and witnesses, the court entered an order denying the prayers of the plaintiff.   The case is here on a bill of exceptions assigning error on this order.

1. On the hearing the court admitted in evidence, over objections of the plaintiff that the documents were irrelevant, immaterial, illustrated no issue in the case, and were not a proper way to impeach a witness, an indictment with a plea of guilty and sentence of the court in the case of the United States *v.* Glen H. Mercer, from the District Court of the United States for the Middle District of Georgia, wherein the plaintiff, upon his plea of guilty, was given a fine of $1,000 and a probated sentence of two years for making false and fictitious statements to an agent of the Federal Bureau of Investigation, these documents being offered by the defendant for the purpose of impeachment and as illustrating the unfitness of the plaintiff to have the custody of the minor children.   The offense charged in this indictment, to which the plaintiff pleaded guilty and was sentenced, was an

offense involving moral turpitude, and the documents admitted were relevant and competent for the purpose of impeaching him. *Coleman* v. *State*, 94 *Ga.* 85 (1) (21 S. E. 124).

2. The contention of the plaintiff—that, under the ruling in the second division of the opinion in *Elliott* v. *Elliott*, 181 *Ga.* 545 (182 S. E. 845), holding that a Michigan divorce decree awarding the custody of the child to the father was void for lack of jurisdiction, even though the mother filed an answer in the divorce proceeding asking that she be awarded such custody, and that such decree was not entitled to be given full faith and credit in the courts of this State, the trial court in the instant case was not under any obligation to give full faith and credit to the Florida decree—is without merit, for the reason that the ruling in the *Elliott* case is contrary to the prior rulings of this court in *Milner* v. *Gatlin*, 139 *Ga.* 109 (2) (76 S. E. 860) ; *Spann* v. *Edwards*, 139 *Ga.* 715 (2) (77 S. E. 1128) ; *Brandon* v. *Brandon*, 154 *Ga.* 661 (3) (115 S. E. 115) ; *Jernigan* v. *Garrett*, 155 *Ga.* 390 (2) (117 S. E. 327), all unanimous decisions, which must be followed rather than the contrary opinion in the *Elliott* case. In the case under review, the plaintiff instituted a suit in a Florida court, the defendant appeared through an attorney, and the parties entered into an agreement as to the custody of the child, which agreement by consent of the parties was made a part of the divorce decree. Such decree of the Florida court, having jurisdiction of the subject matter and of the parties, was properly given full effect by the trial judge. *Marchman* v. *Marchman*, 198 *Ga.* 739 (32 S. E. 2d 790) ; *Beggs* v. *Beggs*, 208 *Ga.* 415 (2) (67 S. E. 2d 135) ; Yarborough *v.* Yarborough, 290 U. S. 202 (54 Sup. Ct. 181, 78 L. ed. 269).

3. The fact that the defendant has remarried, and intends to remove the children to another State with her present husband, does not constitute or amount to such a change of condition as would authorize modification of the decree. *Tillinghast* v. *Clay*, 152 *Ga.* 816 (111 S. E. 384) ; *Shields* v. *Bodenhamer*, 180 *Ga.* 122 (178 S. E. 294) ; *Stout* v. *Pate*, 209 *Ga.* 786 (75 S. E. 2d 748).

We have carefully examined all of the evidence relating to the plaintiff's contention that the defendant has neglected the children and is unfit to have their custody, and cannot say that the

judgment of the trial court, finding these charges not to be sustained, was erroneous. It was not error to discharge the defendant from the rule.

*Judgment affirmed. All the Justices concur.*