## 21719. HUNNICUTT v. SMITH.

ARGUED JULY 10, 1962—DECIDED SEPTEMBER 6, 1962—
REHEARING DENIED SEPTEMBER 18, 1962.

*Buchanan, Edenfield & Sizemore, Wm. H. Major,* for plaintiff in error.

*Thomas A. Travis, Jr.,* contra.

GRICE, Justice. What happened here is another tragic sequence of emotional immaturity, impulsiveness, early marriage, childbirth, divorce, and strife for custody of an insecure child.

The issue for us is whether the evidence authorized the trial judge to find that there had been new and material changes in conditions and circumstances substantially affecting the welfare of the child since the prior decree awarding custody to the father.

This issue arises from the rendition of judgment in favor of the mother, Winona Carol Hunnicutt Smith, in her habeas corpus proceeding against the father, her former husband Jerry D. Hunnicutt, for custody of their four year old child, Peggy Sue Hunnicutt. The mother's petition, filed in the Superior Court of DeKalb County on March 26, 1962, alleged that such a change in conditions and circumstances had taken place since the September 28, 1959, judgment of the Juvenile Court of Fulton County, Georgia, awarding custody to the father.

The chief complaint of the mother was that the father had permitted the child to remain in the home of relatives, a Mr. and Mrs. Watts, and had orally expressed approval of their desire to adopt her.

Examining all of the evidence for a comparison of relevant factors as between the time of the 1959 custody award and this 1962 suit, we find no new and material changes which sub-

stantially affected the welfare of this child. In making this examination we are mindful of well established guides, among them, that the criterion is not changes in conditions and circumstances relating primarily to the parents, such as remarriage and establishment of a home by one of them, but the adverse effect of changed conditions upon the child. *Shields v. Bodenhamer*, 180 Ga. 122 (178 SE 294); *Mercer v. Foster*, 210 Ga. 546 (81 SE2d 458); *Young v. Young*, 216 Ga. 521 (118 SE2d 82).

As to the child's present environment, the evidence showed that for some 15 months immediately preceding this suit the child had been cared for by Mr. and Mrs. Watts, who had also insisted that they bear the expenses since they were better able to do so. At the same time they recognized that legal custody remained in the father, who visited the child, telephoned regularly and shared in major decisions as to the child's welfare. The evidence was undisputed that Mr. and Mrs. Watts were fit and proper persons and that their home was entirely satisfactory for the child. As to the situation at the time of the 1959 decree, the evidence showed it to have been without significant difference. The father then looked to his mother, in whose home he and the child lived, for care of the child. At that time, as at the time of this trial, the father was without employment and was financially unable to support the child.

Comparing the previous conditions and circumstances with those existing at the time of this trial, the plaintiff herself summed it up in her testimony, acknowledging that the child "has a better situation where she is now than she did when she was with [the father's] mother"; that as to the father's lacking a home in which to have people come in and take care of the child, "exactly the same situation exists now"; and that she did not "know anything about [the father's] moral character that is different from what it was at the time custody was awarded."

Finding no material change as to those conditions and circumstances, we now turn to the remaining one, the father's position as to adoption of the child. There is no evidence that he executed any written consent for her adoption. The testimony is that Mr. and Mrs. Watts took the initiative and sought

to procure the adoption by having consent papers prepared for forwarding to the child's mother, that the father stated that if she gave her consent and if both believed that this was for the child's best interest he would then provide his consent, but that since the mother refused, the matter ended there. Such oral expression of conditional approval for adoption does not constitute a material change in conditions and circumstances substantially affecting the welfare of the child.

We, therefore, hold that the trial judge was not authorized to modify the prior custody award by placing this child with its mother.

*Judgment reversed. All the Justices concur.*