22657, 22658. FERSTER v. FERSTER; and vice versa.

ARGUED SEPTEMBER 16, 1964—DECIDED SEPTEMBER 28, 1964—REHEARING DENIED OCTOBER 13, 1964.

*Edenfield, Heyman & Sizemore, William H. Major, Jack P. Turner,* for plaintiff in error.

*Hewlett & Ward, Cullen Ward, Florence Hewlett Dendy,* contra.

DUCKWORTH, Chief Justice. ■ The certificate of the trial judge reflects that the bill of exceptions, including a brief of evidence, was tendered in the time provided by law but returned to counsel because he, the trial judge, "preferred to have such transcript of the oral testimony prepared by the court reporter rather than briefed by counsel," hence any delay in the review of this case is due to the preference of the trial court, and there is no merit in the motion to dismiss the bill of exceptions. Nor is there any merit in the cross bill raising the same question in the lower court.

■ "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." *Code* § 1-401 (Constitution of the United States, Art.

IV, Sec. I). This provision of the Constitution is unambiguous, and it embraces all public acts, records and judicial proceedings. As applied to judgments it includes all. But this does not authorize a State court to enter any judgment that might or can conflict with a judgment of a court of another State. For illustration, this court accorded full faith and credit to the judgment of the Tennessee court in so far as could be done without conflicting with it in *Cureton v. Cureton*, 132 Ga. 745 (65 SE 65). There the judgment awarded separate maintenance to the wife and children of $40 per month, but it expressly retained jurisdiction in the chancellor and authorized him to change or suspend the monthly payments. The Georgia court awarded the wife and children $720 representing accrued and unpaid monthly payments of $40 but declined to award her judgment for future $40 monthly payments since they were, by the terms of the judgment, left to the discretion of the chancellor. Following that decision, this court in *Ferster v. Ferster*, 219 Ga. 543 (134 SE2d 600), refused to enforce a temporary judgment of the Maryland court awarding custody of the children here involved because that judgment was expressly made subject to the further order of that court, and there was no evidence to show that a further order of the court had not issued. We did not disobey the plain mandate of the Constitution, we accorded full faith and credit, but we respected the express reservation in the judgment and refused to render any judgment in conflict therewith. To accord full faith and credit does not require the remotest degree of contradiction but instead, full respect for all the terms of the judgments, including all reservations of jurisdiction to change or amend.

But the judgment with which we are now concerned is unconditional, without reservation of jurisdiction and is unqualifiedly final. Undoubtedly, if the English language has any meaning whatever, this judgment comes squarely under the above quoted language of the Constitution. It is and must be given full faith and credit as demanded by the Constitution. But in addition to the solid constitutional reason for so respecting this judgment, there is another valid reason, which is comity. It would be an unwarranted affront to the Maryland court for Georgia courts

to refuse to accord full faith and credit to its judgment, and it would create chaos among litigants to have us refuse to respect rights they acquired under judgments of sister States.

But counsel cites and relies upon *Code* § 110-303, which deals with appeals such as defined in *Code* § 6-101, and on *Peoples Bank of Talbotton v. Merchants &c. Bank,* 116 Ga. 279 (42 SE 490), *Garrick v. Tidwell,* 151 Ga. 294 (106 SE 551), *Twilley v. Twilley,* 195 Ga. 297 (24 SE2d 46), and *Powell v. Powell,* 200 Ga. 379 (37 SE2d 191), and insists that the final decree of the Maryland court is to be reviewed by the Supreme Court of Maryland, and hence is not entitled to full faith and credit. As pointed out above, the Constitution (*Code* § 1-401) does not restrict its application to any class or type of judgment to which it requires full faith and credit, and courts are not authorized to do so. But in this State the judgment brought to this court, not by appeal but by writ of error to review, may be enforced pending review unless superseded. *Truluck v. Peeples,* 1 Ga. 1; *Perkins v. Rowland,* 69 Ga. 661; *Ennis v. Ennis,* 207 Ga. 665, 671 (63 SE2d 887). See also A. Coolot Co. v. L. Kahner & Co. (Cal. 1905), 140 F 836. No Maryland law appears in this record on this point, and in such case we apply Georgia law. The record is silent as to any supersedeas of the Maryland decree, hence it is enforceable. This court has repeatedly held that a decree of the courts of other States awarding custody of minors must be and will be given full faith and credit by the courts of Georgia. *Brandon v. Brandon,* 154 Ga. 661 (3) (115 SE 115); *Jernigan v. Garrett,* 155 Ga. 390 (2) (117 SE 327); *Drake v. Drake,* 187 Ga. 423, 431 (1 SE2d 573); *Dyal v. Dyal,* 187 Ga. 600 (1 SE2d 660); *Beggs v. Beggs,* 208 Ga. 415 (67 SE2d 135); *Mercer v. Foster,* 210 Ga. 546 (81 SE2d 458).

This is precisely the kind of judgment to which we are asked to give full faith and credit. To so treat simply means that, when the Georgia court sees from that decree that the Maryland court has given custody to the father, the constitutional duty is plain to recognize and give effect to that right. If rights thereunder are to be changed, the Maryland courts must do so, not a Georgia court. We hold therefore that the decree of the Maryland court invests the father with the legal right of custody of

all the children, and Georgia courts must, under the Constitution, accord to it full faith and credit. This ruling controls adversely to the plaintiff in error in the cross bill of exceptions and requires an affirmance.

■ We now consider the complaint in the main bill of exceptions which is that the evidence did not authorize a change of custody on grounds of a change in conditions affecting the welfare of the minor children. Opposing that ruling are the admitted adulterous conduct of the mother; her surreptitious taking of the children out of the State of Maryland in open defiance of the expressed prohibition of the Maryland court; her coming to Atlanta where the man with whom she had the adulterous relations lives with his family; her resisting legal efforts of the father to obtain custody in the Georgia courts in accord with the Maryland judgment (*Ferster v. Ferster*, 219 Ga. 543, supra) ; and the refusal of the Maryland court to grant her attorney's fees to defend the divorce action which indicates the opinion of that court as to her character. All these combine to refute her worthiness and conclusively show no change in conditions affecting the children that would warrant entrusting them to her while she still defies the Maryland court, holds what she unlawfully took—the children from her husband—and lives in the same city with the man with whom she was shown to have engaged in adulterous conduct. The law and the evidence demanded that the father be given all of the children, and it was error to rule otherwise. See *Morris v. Sheffield*, 214 Ga. 63 (102 SE2d 595).

*Judgment reversed on the main bill; affirmed on the cross bill. All the Justices concur.*