### 24358. BOWEN v. BOWEN.

FRANKUM, Justice. 1. "The judgment of a court of competent jurisdiction of a sister State, awarding the custody of a minor child, which is regular on its face and unimpeached for fraud, is entitled to full faith and credit in proceedings for the custody of the child in this State. Such a judgment may be modified only when it appears that there has been such a change in conditions since the original decree as would authorize the modification of a similar judgment rendered by the courts of this State." *Peeples v. Newman,* 209 Ga. 53 (1) (70 SE2d 749). See *Hammond v. Hammond,* 90 Ga. 527 (1) (16 SE 265); *Spann v. Edwards,* 139 Ga. 715 (2)' (77 SE 1128); *Jernigan v. Garrett,* 155 Ga. 390 (2, 3) (117 SE 327); *McDowell v. Gould,* 166 Ga. 670 (5) (144 SE 206).

2. Where, upon the hearing of a habeas corpus case, brought by the father of a minor child to regain custody of the child, the applicant claimed the right to custody under the terms of a judgment issued by a court of the State of North Carolina, and where it appears that such judgment was regular upon its face and there having been no attempt to impeach it for fraud, the judge of the superior court was not authorized to change or modify the provisions of the North Carolina judgment on a mere showing by the respondent of slight changes in conditions or circumstances with reference to her situation and which in no way affected or would affect the welfare of the child. There must be some substantial change not naturally expected that affects the welfare of the child before modification of such a judgment will be authorized. *Sells v. Sells,* 172 Ga. 911 (159 SE 237); *Watson v. Padgett,* 202 Ga. 606 (44 SE2d 232); *Peeples v. Newman,* 209 Ga. 53, 57, supra. Evidence showing merely a change in the circumstances of the party seeking a judgment different from the former judgment is not sufficient to authorize a change in the legal custody of a child. There must be a showing that the party to whom custody was originally awarded is no longer able or

suited to retain custody or that the conditions and circumstances surrounding the child have so changed that the welfare of the child would be enhanced by modifying the original judgment. *Sells v. Sells,* 172 Ga. 911, supra; *Shields v. Bodenhamer,* 180 Ga. 122 (178 SE 294); *Hunnicutt v. Smith,* 218 Ga. 282 (127 SE2d 375).

3. The Domestic Relations Court of Guilford County, N. C., awarded custody of the child here in question to the father with certain visitation rights in the mother. The mother brought the child to Dougherty County, Ga., and refused to return it to the father when the visitation period terminated. The father brought this habeas corpus proceeding to regain custody of his child. The mother contended that since the entry of the North Carolina judgment circumstances had changed authorizing a change in the award of custody. But the only evidence of such change in circumstances adduced upon the trial of the case before the Judge of Dougherty Superior Court was evidence that the mother had changed her plans which she apparently had at the time of hearing before the North Carolina court as to continuing as a student in high school, and that she contemplated staying home full time so as to be able to look after the baby. While she alleged that the father's circumstances had changed in that his employer had transferred his place of employment to a point distant from the home of the paternal grandparents where the father resided, at the time the North Carolina judgment was rendered, the father testified without contradiction that he would decline to accept any such transfer, and the paternal grandfather testified that he had suitable employment for the father in his business if the father desired to accept it, and it appeared that the father would continue to look after the child in the same fashion as had been indicated in the hearing before the North Carolina court. Under this evidence there was no such material change in the circumstances surrounding the child as to affect adversely the welfare of the child, and no such change in circumstances as would authorize the court to change the award of custody made by the North Carolina court. The Judge of the Superior Court of Dougherty County erred in rendering the judgment complained of and his judgment must therefore be reversed.

*Judgment reversed. All the Justices concur.*

802

*Malone, Drake & Malone, Thomas W. Malone,* for appellant.
*Smith, Gardner, Wiggins & Geer, M. M. Wiggins, Jr.,* for appellee.