34461. UTICA MUTUAL INSURANCE COMPANY *et al. v.* ROLAX.

CARLISLE, J. 1. By the terms of Code (Ann. Supp.) § 114-421 (Ga. L. 1952, pp. 271, 272), "The State Board of Workmen's Compensation is authorized to appoint a qualified guardian for any minor claimant who shall be entitled to workmen's compensation benefits, where there is no duly appointed and qualified guardian for such minor, but the authority of any such guardian so appointed by the board shall be limited to the administration of such workmen's compensation benefits only as such minor might be entitled to receive."

2. Where, in a proceeding for compensation, a single director finds that the claimant is a "minor within the meaning of the workmen's compensation laws," and, in making an award granting compensation, appoints a guardian to receive the compensation for the use and benefit

of such minor, and no such appeal as is provided for in Code § 114-708 is entered, but an appeal is entered to the superior court, such appointment is valid, binding, and conclusive (Code, § 114-710), as it must be assumed that the General Assembly, in empowering "The State Board of Workmen's Compensation" to appoint a guardian for minor claimants, knew of and took into consideration the power of single directors, under Code § 114-707, to "hear the parties at issue and their representatives and witnesses and . . [to] determine the dispute in a summary manner," and it must also be assumed that the General Assembly knew of and took into consideration the power of the full board, under Code § 114-708, to review the actions of the individual directors; that is to say, the General Assembly knew of and took into consideration the "trial" function performed by the single directors and the "appellate" function of the full board in exercising the general powers conferred upon "The State Board of Workmen's Compensation," and that, therefore, the General Assembly, in conferring the power of appointing guardians for minor claimants upon "The State Board of Workmen's Compensation," intended that this power should be exercised, in the orderly scheme of the compensation law, in the same fashion or according to the same procedure.

3. While Code (Ann. Supp.) § 114-421 limits the authority of a guardian appointed by the board to the administration of workmen's compensation benefits alone, such guardian, it seems self-evident to us, should exercise in respect to those benefits the same duties which any other regularly qualified guardian would be required to exercise in his administration of a minor's estate.

4. "A suit commenced and prosecuted by an infant alone shall not be void; and although the suit may be defective in wanting a guardian or next friend, the defect shall be amendable before verdict and cured by verdict." Code, § 3-115. While the special guardian appointed in the present proceeding was not appointed until the time of the award, his appointment at that time cured the defect and made such guardian a party to the case.

5. Such guardian, as indicated in the foregoing divisions, is a necessary party on appeal to this court from a decision of a superior court affirming the award of the director granting compensation.

6. Where, in such an appeal, it does not appear that such guardian was served with, or waived service of, the bill of exceptions, the writ of error will be dismissed for the omission to serve an interested party, and service upon counsel for the minor claimant does not bind the guardian. *Wiley* v. *Jones,* 129 *Ga.* 635 (59 S. E. 709).

7. While the bill of exceptions might have been amended to make the guardian a party (Code, § 6-1309), it does not appear that the guardian has waived or is willing to waive service of the bill of exceptions. Code, § 6-911 (3); *Bullard* v. *Wynn,* 134 *Ga.* 636 (68 S. E. 439); *Anderson* v. *Haas,* 160 *Ga.* 420 (128 S. E. 178).

8. While it appears that Kennedy & Bulloch acknowledged service of the bill of exceptions as counsel for the claimant, and while it appears that Kennedy is the guardian appointed it does not appear of record that Kennedy & Bulloch are counsel of record of the guardian Kennedy so

as to bind Kennedy, the guardian, by Kennedy & Bulloch's acknowledgement of service for the claimant, and this case cannot be brought within the provisions of Code § 6-913.

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 3, 1953—REHEARING DENIED MARCH 3, 1953.

*Swift, Pease, Davidson & Chapman,* for plaintiff in error.
*Kennedy & Bulloch,* contra.