### 36033. BLUE TOP CAB COMPANY *v.* DONALDSON.

DECIDED FEBRUARY 17, 1956.

*John M. Williams, Hubert C. Morgan,* for plaintiff in error.
*Woods & Southard,* contra.

QUILLIAN, J. ■ The claimant, Mrs. Donaldson, insists that the bill of exceptions should be dismissed because John Albert Donaldson was not made a party to the bill of exceptions. When John Albert Donaldson was granted an award he became a party in the action before the Workmen's Compensation Board. All parties who are interested in sustaining the judgment of the court below are necessary parties to a bill of exceptions brought by the losing party to reverse the judgment. John Albert Donaldson having been awarded compensation by the Workmen's Compensation Board was an interested party and should have been made a party to the bill of exceptions. *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437); *Humphrey* v. *Powell,* 145 *Ga.* 458 (89 S. E. 427); *Ray* v. *Hardman,* 146 *Ga.* 718 (92 S. E. 211).

■ The claimant, Mrs. Donaldson, also insists that the bill of exceptions should be dismissed because she was never served, nor waived service, of the bill of exceptions upon her as guardian of John Albert Donaldson. While it is true her counsel acknowledged service for her in her individual capacity, he did not, nor was he authorized to acknowledge service upon Mrs. Donaldson as guardian of John Albert Donaldson, because there is nothing in the record which indicates that he was counsel for her as guardian of John Albert Donaldson. We are constrained to hold that service was never perfected upon Mrs. Donaldson in her capacity as guardian of John Albert Donaldson. *Utica Mutual Ins. Co.* v. *Rolax,* 87 *Ga. App.* 733 (75 S. E. 2d 205).

■ The plaintiff in error, Blue Top Cab Company, made a motion to amend the bill of exceptions making Mrs. G. L. Donaldson, guardian of John Albert Donaldson, a party to the bill

of exceptions. No service of the bill of exceptions upon Mrs. Donaldson as guardian for her minor child and ward, John Albert Donaldson, waiver of service, or consent by her to be made a party to the case in that capacity appears from the record, and there is nothing to indicate that any attorney represented her as guardian of John Albert Donaldson at any stage of the proceedings so as to constitute him an attorney of record upon whom service of the bill of exceptions could be made, or that any attorney undertook to acknowledge service for Mrs. Donaldson as guardian of John Albert Donaldson. Service of the bill of exceptions on all indispensable parties being as essential as naming them in the bill of exceptions under the ruling of *Carter* v. *Davidson*, 138 *Ga.* 317 (75 S. E. 155) the amendment to the bill of exceptions would avail the plaintiffs in error nothing and hence is not allowed.

The writ of error must be dismissed for the reasons assigned. *Writ of error dismissed. Felton, C. J., and Nichols, J., concur.*