43473. FUNDERBURG et al. v. WOLD.

ARGUED MARCH 6, 1968—DECIDED APRIL 2, 1968—
REHEARING DENIED APRIL 16, 1968—

*Harris, Chance & McCracken, Kenneth R. Chance,* for appellants.

*William C. Calhoun,* for appellee.

JORDAN, Presiding Judge. The single enumeration is that "the court erred in holding that the judgment of the South Carolina court was entitled to full faith and credit so as to bar the petitioners' petition for adoption." The petitioners assert in their brief that "there is basically only one question . . . that being whether the consent to the [original] adoption proceeding that was signed by . . . [the natural mother] is viable and, therefore, binding" on her in the present action, and in this respect they rely on the Georgia statutory provision that "consent [if required as a condition precedent to adoption], when given freely, voluntarily, may not be revoked by the parents as a matter of right." See *Code Ann.* § 74-403.

If the South Carolina judgment is one which is entitled to full faith and credit we think it automatically disposes of this issue and of the case, for it unequivocally grants exclusive custody of the children to the mother, the father at that time having relinquished his parental rights, and thereby nullifies the effect of any prior inconsistent action by the mother, such as that shown by her consent to adoption previously given in the Georgia proceedings declared invàlid. Or stated otherwise, if the petitioners are to be bound by the South Carolina judgment, they must recognize the presently existing right of the natural mother to exclusive custody of the children, and overcome this right by obtaining anew her written consent as a basis for further adoption proceedings. Moreover, recognition of the South Carolina judgment entitles the mother, shown by the petition in the present case to be a resident of Virginia, to remove the children

to her home, thereby depriving the Georgia court of any jurisdictional basis for further adoption proceedings.

"A void judgment may be attacked in any court and by any person." Former *Code* § 110-701. "The judgment of a court of competent jurisdiction may be set aside by a decree in equity, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or the fault of the complainant." Former *Code* § 110-710. These laws were repealed by the Civil Practice Act of 1966 (Ga. L. 1966, pp. 609, 691) effective on September 1, 1967 (Ga. L. 1967, pp. 8, 226, 250), but were in full force and effect when the mother commenced the South Carolina proceedings. Furthermore, *Code* § 110-709 provides that "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it."

It conclusively appears from the opinion and judgment of the South Carolina trial court, based on the evidence adduced in the hearing, at which all parties were represented, that the Georgia court, in declaring the Funderburgs to be the adoptive parents of the children, acted in reliance upon forged signatures of the father purportedly showing his consent to adoption and his acknowledged service of process. Under the Georgia statute his consent was an essential prerequisite (*Code Ann.* § 74-403) absent any showing that he had abandoned the child or lost custody within the purview of the statute, and nothing appears to indicate that the Georgia court in the original adoption proceeding acted in reliance upon anything other than purported actual consent. Had the truth been known to the Georgia court at the time, it would have precluded the adoption, or had the truth been thereafter demonstrated in a proper proceeding before a Georgia court, it would have necessitated a determination by such court that the decree was a nullity. We think a South Carolina court, having jurisdiction over the parties and the subject matter, as is clearly demonstrated in the record before this court, would have the same power. The opinion of the South Carolina Supreme Court (Wold v. Funderburg, 157 SE2d 180, supra) clearly shows the authority of the lower court to exercise equitable and

legal powers to inquire into and adjudicate adoption and custody matters, including a collateral inquiry as to fraud in the procurement of the Georgia decree.

In a somewhat analogous situation arising in Georgia, involving an adoption decree of a Tennessee court, our Supreme Court held that "the full faith and credit clause of the Federal Constitution would not require that such decree of adoption be given effect in this State as against the father, where he was not made a party in the adoption case, and was not served, and did not appear and plead or otherwise waive service, or consent to such adoption." *McAlhany v. Allen*, 195 Ga. 150 (4) (23 SE2d 676). The *McAlhany* case cites with approval *Brandon v. Brandon*, 154 Ga. 661 (4) (115 SE 115) in which the court stated (at p. 667) that "This brings us to consider the effect of a judgment [of another State] granting a divorce and awarding the custody of children, which was based upon constructive service by publication, without actual notice to the nonresident defendant. This court has held that such a judgment will not be regarded as a conclusive adjudication of the disposition of the child, where the evidence shows that the judgment was obtained by fraudulent representations in order to confer jurisdiction upon the court rendering the judgment; and that such judgment can be collaterally attacked. *Matthews v. Matthews*, 139 Ga. 123 (76 SE 855); *Solomon v. Solomon*, 140 Ga. 379 (78 SE 1079)."

It is also equally clear that the courts of this State will apply the full faith and credit mandate of the Federal Constitution to the judgment of a court of competent jurisdiction of a sister State, awarding custody of a minor child, which is regular on its face and unimpeached for fraud, and that such a judgment may be modified only when it appears that there has been such a change in condition as would authorize the modification of a similar judgment rendered by the courts of this State. *Peeples v. Newman*, 209 Ga. 53 (1) (70 SE2d 749); *Belden v. Strickland*, 218 Ga. 105 (126 SE2d 670); *Ferster v. Ferster*, 220 Ga. 319 (2) (138 SE2d 674). The recognized qualification applies to a condition subsequent and thus limits the enforcement of the previous decree in a prospective sense only, whereas, in the present adoption proceeding, the petitioners, in order to prevail,

seek to avoid and go behind the South Carolina decree to meet an essential condition, without any showing of any legal basis whereby the Georgia court can refuse to apply the mandate of the Federal Constitution. The South Carolina decree is regular on its face, shows jurisdiction over the parties, and is unimpeached for fraud. Under these circumstances the trial court properly gave full faith and credit to the judgment of the South Carolina court and in recognition thereof awarded custody of the children to their natural mother.

*Judgment affirmed. Pannell and Deen, JJ., concur.*