## 45006. ROSS v. BROWN, Guardian.

EBERHARDT, Judge. This is an appeal in a workmen's compensation case from an order of the superior court affirming an award of the deputy director who found as a fact, inter alia, that John Brown, the injured employee's brother, was the suitable and proper person to be appointed guardian of the employee to administer the benefits of the Workmen's Compensation Act. The award was accordingly made to Brown as guardian of the employee.

After the injury the employee, a resident of Berrien County, Ga., was taken to the Berrien County Hospital and immediately transferred to a veteran's hospital in Gainesville, Fla., and later transferred to a nursing home in Jefferson County, Fla., where he has remained unconscious because of traumatic brain damage. The county judge's court of that county declared him mentally and physically incompetent and appointed his brother, John Brown, a resident of Tallahassee, Fla., as guardian of his person and property, and he was so acting at the time of the hearing before the deputy director. Betty Brown Ross, the employee's former wife who had remarried, made application to the Court of Ordinary of Berrien County for guardianship of the employee, which was still pending at the time of the hearing before the deputy director. Mrs. Ross, who, as well as Brown, had applied to the board for guardianship of the employee to administer his workmen's compensation benefits, appeals from the affirmance by the superior court, contending that sole jurisdiction for the appointment of a guardian lay in Berrien County and that the judgment of the Florida court was for that reason not entitled to full faith and credit. *Held:*

If the Florida judgment was entitled to full faith and credit (see *Peeples v. Peeples,* 103 Ga. App. 462 (119 SE2d 710) ; *Kelly v. Kelly,* 115 Ga. App. 700 (155 SE2d 732) ; *Funderburg v. Wold,* 117 Ga. App. 638 (161 SE2d 376) ; *Connell v. Connell,* 119 Ga. App. 485 (167 SE2d 686)), the award of the deputy director appointing Brown as guardian for workmen's compensation purposes confirmed and gave effect to that judgment. If Brown's appointment by the Florida court was not entitled to full faith and credit, then the deputy director was authorized to appoint a guardian to administer the benefits of the award. *Code Ann.* § 114-421 (Ga. L.

1963, p. 141 et seq.); *Utica Mut. Ins. Co. v. Rolax,* 87 Ga. App. 733 (75 SE2d 205). There was sufficient competent evidence in the latter event to support the finding that Brown was qualified to act as guardian under the provisions of *Code Ann.* § 114-421. The judgment of the superior court must be

*Affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 9, 1970—DECIDED JANUARY 20, 1970.

*Elsie H. Griner,* for appellant.
*Knight & Perry, W. D. Knight,* for appellee.